UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRANDON GROCE, | : | |
| | : | Civ. No. 22-4296 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. That motion has been assigned the above docket number in this Court.

Pursuant to the decision in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), Petitioner is advised that under federal law, a person seeking relief in federal court from a sentence resulting from a conviction in federal court must include in a single motion under 28 U.S.C. § 2255, all potential claims for which he desires to seek review and relief. A second or successive motion under § 2255:

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This memorandum and order shall constitute the required notice pursuant to *Miller*.

Petitioner also requests the appointment of counsel. (*See* ECF 2). Petitioner does not have a right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

This Court does not find that the appointment of counsel is warranted at this time. Indeed, Petitioner has already filed his § 2255 motion and the issues involved in this case do not appear overly complex. Thus, his request will be denied. The denial will be without prejudice. If this Court determines that an evidentiary hearing is warranted on any of Petitioner's claims, appointment of counsel will be reviewed at that time.

Accordingly, IT IS on this 11th day of July, 2022,

ORDERED that Petitioner's motion for the appointment of counsel (ECF 2) is denied without prejudice; and it is further

ORDERED that Petitioner may have his § 2255 motion ruled upon as filed or Petitioner may withdraw his motion and file an all-inclusive § 2255 motion, on the form supplied by the Clerk, subject to the one (1) year limitations period described in 28 U.S.C. § 2255; and it is further

ORDERED Petitioner has thirty (30) days from the date of this order within which to advise the Court as to a decision regarding the pending § 2255 motion. If Petitioner fails to notify the Court within thirty days, Petitioner's pending § 2255 motion will be ruled upon as filed.

DATED:  July 11, 2022                                  s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge